IN THE UNITED STATES DISTRICT FOR THE
NORTHERN DISTRICT COURT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| YVETTE F. SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CIVIL ACTION NO.: _____ |
| ) | |
| ) | |
| JEFFERSON COUNTY CHILD ) | |
| DEVELOPMENT COUNCIL, Inc. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Yvette F. Spencer, by and through her attorney in the above-styled cause and states her Complaint as follows:

### I. THE PARTIES

1. Plaintiff is an individual and has resided in the City of Birmingham, County of Jefferson in the State of Alabama at all relevant times relevant hereto:

2. The defendant, Jefferson County Child Development Council, Inc. (JCCDC) is a corporation incorporated under the laws of the State of Alabama, and at all times relevant hereto maintained its principal place of business in the City of Birmingham in Jefferson County, State of Alabama. Defendant JCCDC provides an Early Head Start Family Child Care Program which serves Children and their families and expectant mothers At all times relevant hereto, defendant employed the plaintiff as a Parent, Family, and Community Engagement (PFCE) Specialist from on or about June, 4, 2019 until May 26, 2021.

### II. JURISDICTION AND VENUE

3. On or about January 4, 2021 Plaintiff filed a charge of discrimination against

defendant with the United States Equal Employment Opportunity Commission (the "EEOC") alleging that she was discriminated against on the basis of a disability in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (The ADA). Said charge was filed within 180 days of the alleged violation.

3. The jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331, 1343 (a) (1)-(4) and 1367, 28 U.S. C § 2201 and 2202,, 42 U.S.C. § 2000 et. seq., as amended, and 28 U.S.C. § 1331 and 1337, and 29 U.S.C. § 621-634, 29 U.S.C. § 216 (b), 626 (b) and (c), and 42 U.S.C..§ 12101 et seq, (the ADA). This action is authorized pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act. (The "ADEA"), The jurisdiction of this Court is invoked to secure protection of, and redress of the deprivation of rights secured by 42 U.S.C. § 2000 et seq., providing for injunctive and other relief against race, age, sex and disability discrimination and/or retaliation in employment.

4. The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. & 2000 et. seq., the Americans with Disabilities Act of 1990, as amended. The Plaintiff timely filed her charges of disability discrimination and retaliation charge on January 4, 2021,within one hundred eighty (180) days of the alleged discriminatory and retaliatory activity, and has filed her original complaint herein within ninety (90) days of receipt of her Notice of Right to Sure letter from United States Equal Employment Opportunity Commission (EEOC).

5. The plaintiff, Yvette Spencer, an African American female with a disability is a member of the protected age group, a citizen of the United States of America, and resident of Jefferson County. State of Alabama.

6, The defendant, Jefferson County Child Development Council, Inc. (JCCDC) is a corporation within the City of Birmingham, Jefferson County, State of Alabama.

7. Ms. Earlene Reynolds is the Executive Director of JCCDC and is largely if not exclusively responsible for the violations detailed herein. At all times complained of she acted on behalf ot JCCDC.

## STATEMENTS OF THE FACTS

8. The plaintiff has a bachelor's degree in special education. In her position as a PFCE Specialist, the plaintiff who is dyslexic, was responsible for, but not limited to recruiting children and their families into the JCCDC program, establish a relationship with the families along with their children, set goals for the families to obtain, assisted with the families' medical and employment needs. To some extent she also acted as a liaison between various companies and the families.

9. Initially upon being hired, the plaintiff encounter no major problems with the Defendant. However, during October 2020, the plaintiff sustained a back injury which required her to get medical attention. She was required to get physical therapy between October 22, 2020- November 5, 2020.. The Executive Director, Ms. Reynolds, did not want her to go during that time and wanted her to reschedule. Therefore, the plaintiff ultimately did reschedule to go after work  Although Ms. Resynold who lives in and commutes from Atlanta to JCCDC, made adjustments in her schedule to enable her to go back and forth between Atlanta and her job at JCCDC in Birmingham.

10. As a PFCE worker, Plaintiff is supposed to have no more than 45 cases at a time as well as the other PFCE/Family Service Workers (. However, the Family Service Workers decrease to two workers, but the number of cases  remained the same, which resulted in both the plaintiff and other Family Service Workers having to work 80+ cases. The stress from the

double caseload negatively affected my health and the plaintiff was placed on medical leave from October 26 - 30, 2020. The Executive Director made no effort to hiring anyone even though she was or should have been well aware of her disability. Oddly enough, the plaintiff's work doubled seemingly in an effort to get her to quit.

11. During November 2020, the E.D., Ms. Reynolds hired Sharon Duncan hired as the HR Coordinator. Shortly after her hire, an email was sent that informed employees they are not allowed to wear earplugs at work. Plaintiff informed Ms. Duncan er that I sometimes wear them as a reasonable accommodation for my disability, nd she informed me that she would set up a meeting, but she never did. Although I wear the ear plugs when needed, I have never been told they are allowed.

12. On November 03, 2020, Plaintiff came into work a little late because she voted before work. The other employees were dismissed early, at 3:00 pm, for voting. The next day, I was disciplined for not getting permission to vote early. Plaintiff was mocked because of her disability by Ms. Reynolds, who said "'do we need to look that work up for you", referring to the Plaintiff.

13. On January 05, 2021, Plaintiff tried to file an online charge to the EEOC using her work computer at home three times but was unsuccessful. It is her firm believe that Ms. Reynolds who has remote access to her computero was monitoring what I was doing and deleted the information. Plaintiff was able to complete the inquiry once she switched to her personal computer. The next day, HR finally sent me an email about accommodations, which was what her inquiry was about, establishing that her employer was monitoring her computers use on her internet at her house.

14. After the Plaintiff filed her EEOC charge, Ms. Reynolds continued to treat her in an unfair manner, denied plaintiff a reasonable accomodation andl subjected her to a hostile

environment and retaliated against the plaintiff for filing an EEOC charge.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff respectfully requests that this Honorable Court does the following:

1. Accepts jurisdiction of this case.

2. Grants plaintiff a trial by jury on all issues so triable.

3. Declares that plaintiff has suffered acts of disability discrimination and retaliation at the hands of the defendant.

4. Grants plaintiff punitive damages against defendant in an amount to be determined at trial.

5. Grants plaintiff her reasonable costs and attorney's fees.

6. Grants such other and further relief as to the Court seems just and proper.


/s/Victor R. Spencer
Victor R. Spencer
ASB-6470-N77V
Attorney for Plaintiff
3026 Ensley Avenue
Birmingham, AL 35208
(205)780-3300

**PLAINTIFF DEMANDS A TRIAL BY JURY**